UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TRAVELERS HOME AND MARINE INSURANCE COMPANY a/s/o Gerard Graci : : : Plaintiff : : vs. : : OMEGA FLEX, INC. : : Defendant : : | Civil Action No.: |

## COMPLAINT

Plaintiff, Travelers Home and Marine Insurance Company a/s/o Gerard Graci (hereinafter referred to as "Plaintiff") by and through its undersigned attorneys, hereby avers the following by way of Complaint against Defendant.

## THE PARTIES

1. Plaintiff, Travelers Home and Marine Insurance Company (hereinafter referred to as "Travelers") is a corporation organized and existing under the laws of the State of Connecticut and has its principal place of business located at One Tower Square, Hartford, Connecticut, 06183.

1

2. At all material times, Travelers was duly authorized to issue policies of insurance in the State of Connecticut, and provided insurance to Gerard Graci (hereinafter referred to as "Plaintiff's Insured") under policy number 0F1801-984623669- 633- 1 (hereinafter referred to as "the Policy").

3. Defendant, Omega Flex, Inc., ("Omega") is a corporation organized and existing under the laws of the State of Pennsylvania and has its principal place of business located at 451 Creamery Way, Exton, PA 19341.

4. At all material times, Defendant Omega designed, engineered, manufactured, inspected, tested, marketed, sold, distributed and/or placed into the stream of commerce a product known as TracPipe corrugated stainless steel tubing ("CSST") for use in the distribution of natural gas and/or propane in various applications, including residential homes with the reasonable expectation that its product would be used in Connecticut.

5. As such Defendant Omega, is a "product seller" within the meaning of the Connecticut Products Liability Act, Connecticut general Statutes, Sec. 52-572m, et seq.

## JURISDICTION

6. The plaintiff is a citizen of a different state than the defendant.

7. The amount in controversy in this matter exceeds the value of $75,000, exclusive of interest and costs.

8. The United States District Court has jurisdiction over this matter based upon diversity of citizenship pursuant to 28 U.S.C. §1332.

## VENUE

9. Pursuant to 28 U.S.C. §1391, venue is proper in the United States District Court for the District of Connecticut because it is the judicial district within which a substantial part of the events giving rise to the plaintiff's claim occurred.

## COUNT I (LIABILITY UNDER THE PRODUCT LIABILITY ACT)

10. At all material times, Plaintiff's Insured resided at 20 Woodside Circle, Woodbury, CT (hereinafter referred to as "the Property").

11. During a renovation of the Property, CSST manufactured by Omega was installed for the distribution of gas at the Property.

12. The CSST was in a defective condition, unreasonably dangerous to Plaintiff's Insured in that it could fail and/or rupture and/or lose integrity when exposed to levels of electrical activity generated by lightning strikes.

13. The defect existed at the time the CSST was sold by Omega.

14. The CSST reached the Plaintiff's Insured without substantial change in its condition and Plaintiff's Insured did not alter or modify it in any way.

15. On or about April 10, 2013, a lightning strike occurred at or near the Property causing the CSST to fail, resulting in a hole.

16. This hole allowed gas to escape from the CSST and ignite a substantial fire that spread to the rest of the Property (hereinafter the "Fire").

17. As a result of the fire, Plaintiff's Insured suffered significant damage to the Property and her personal property, and sustained additional living expenses and losses in excess of $75,000.

18. The Defendant, Omega is liable for losses and damages suffered by Plaintiff's Insured pursuant to the Connecticut Product Liability Act, Conn. Gen. Stat. §52-572m et seq for one or more of the following reasons:

    a) The CSST was defectively designed, engineered and/or manufactured in that it could develop holes when exposed to anticipated levels of electrical activity generated by lightning strikes;

    b) They failed to provide adequate warnings that the CSST could develop holes when exposed to anticipated levels of electrical activity generated by lightning strikes;

    c)    They failed to warn that the CSST was not reasonably fit for the purpose for which it was designed, engineered, manufactured, sold, distributed, marketed and/or intended to be used;

    d)    They failed to adequately test the CSST and/or its component parts to ensure that it could withstand anticipated levels of electrical activity generated by lightning striking;

    e)    The CSST was not reasonably safe for its intended purpose;

    f)    They failed to design, engineer, market, distribute, test, sell or inspect the CSST in accordance with local, state and/or federal statutes and/or other recognized and/or applicable codes, laws, rules, regulations or other requirements;

    g)    They breached their express warranties that the CSST was merchantable and suitable for its intended use;

    h)    They breached their express warranties of description, affirmation, promise, sample and remedial sample;

    i)    They breached their implied warranties of merchantability and fitness in that the CSST was unreasonably dangerous and prone to failure when put to its intended use;

  j)  They misrepresented to Plaintiff's Insured and to the general public that the CSST was safe for its intended use;

  k)  The CSST was unreasonably dangerous beyond what would be contemplated by an ordinary consumer; and

  l)  The risk of danger posed by the CSST outweighed any alleged utility.

19. As a result of the defects in the CSST, Plaintiff's Insured was caused to suffer loss and damage to their real and personal property.

20. By reason of said damages and pursuant to the Policy, Travelers has made payments to or on behalf of Plaintiff's Insured in excess of $75,000.

21. By virtue of its payments made to or on behalf of Plaintiff's Insured, and in accordance with the terms and conditions of the Policy, Travelers is now contractually, legally and equitably subrogated to the rights of recovery of Plaintiff's Insured to the extent of the payments made to Plaintiff's Insured.

WHEREFORE, Plaintiff, Travelers Home and Marine Insurance Company as subrogee of Gerard Graci demands judgment against Omega Flex, Inc., in excess of $75,000, plus interest, court costs, attorneys fees and other such and further relief as this Honorable Court deems just and proper.

### JURY DEMAND

Plaintiff, Travelers Home and Marine Insurance Company as subrogee of Gerard Graci hereby demands a trial by jury as to all issues.

Respectfully submitted,

PLAINTIFF, TRAVELERS HOME AND MARINE INSURANCE COMPANY a/s/o Gerard Graci

Dated:  April 8, 2015

By_____
Andrew Krevolin (ct05691)
ROGIN NASSAU, LLC
185 Asylum Street, 22nd Floor
Hartford, CT 06103-3460
P: (860) 256-6383
F: (860) 278-2179
E-mail: akrevolin@roginlaw.com